UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALYSSA FREIRE,                                    CASE NO.:

     Plaintiff,

v.

ADRIENNE ARSHT CENTER FOUNDATION, INC.,
A Florida Not for Profit Corporation,

     Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALYSSA FREIRE ("Ms. Freire" or "Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, ADRIENNE ARSHT CENTER FOUNDATION, INC., a Florida Not for Profit Corporation ("AACF" or "Defendant"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 hereinafter called the "FLSA") to: recover minimum wages, overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and other relief permitted by the FLSA, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon the FLSA, a federal statute.

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of Miami-Dade County, Florida.

5. At all times material hereto, Defendant was, and continues to be, a Florida Not for Profit Corporation.

6. Further, at all times material hereto, Defendant was, and continues to be, engaged in business in Florida, with its principal place of business in Miami-Dade County, Florida.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

9. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of FLSA.

10. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

## STATEMENT OF FACTS

13. Plaintiff worked for Defendant from October 1, 2018, through September 5, 2019, as a production employee.

14. Defendant misclassified Plaintiff as an "apprentice" when, in reality, Plaintiff

worked for Defendant as an employee and primarily for the benefit of Defendant's productions, rather than Plaintiff's educational development.

15. Defendant paid Plaintiff $350.00 per week for all hours worked.

16. Plaintiff regularly worked in excess of forty (40) hours per week.

17. Plaintiff's hourly rate, when divided by her weekly compensation, fell well below the FLSA's minimum wage provisions in one or more workweeks.

18. Defendant also failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek.

19. Plaintiff should have been compensated with at least minimum wage for each hour worked, as well as time and one-half Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

20. Defendants has violated Title 29 U.S.C. §§ 206 and 207 throughout Plaintiff's employment in that:

  a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

  b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

  c. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the federally mandated minimum wage for all hours worked as required by the FLSA.

21. Prior to the filing of this lawsuit, Defendant did not consult with an attorney to

evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering minimum wage and overtime payments under the FLSA.

22. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering minimum wage and overtime payments under the FLSA.

23. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering minimum wage and overtime payments under the FLSA.

24. Based on the allegations in Paragraphs 21-23, above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

25. Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

26. Plaintiff re-alleges and reavers paragraphs 1 through 16, and 18-25 of the Complaint, as if fully set forth herein.

27. During her employment, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

28. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

29. Defendant's actions were willful and/or showed reckless disregard for the

provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

30. Plaintiff is entitled to liquidated damages under the FLSA.

31. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

a. Declaring, pursuant to the FLSA that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to her for all hours worked;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest; and

f. Ordering any other further relief the Court deems just and proper.

## COUNT II- <br> VIOLATION OF 29 U.S.C. §206 MINIMUM WAGE

32. Plaintiff re-alleges and reavers paragraphs 1 through 17, and 19-35 of the Complaint, as if fully set forth herein.

33. During her employment, Plaintiff was not compensated at the federally mandated minimum wage for all hours worked.

34. Plaintiff was and is entitled to be paid at the statutory minimum wage for all hours worked.

35. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff minimum wage for all hours worked when it knew, or should have known, such was, and is due.

36. Plaintiff is entitled to liquidated damages under the FLSA.

37. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

a. Declaring, pursuant to the FLSA that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

b. Awarding Plaintiff minimum wage compensation in the amount due to her for all hours worked;

c. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest; and

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: September 25, 2019.

Respectfully submitted,

***/s Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-Mail: **noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*