UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv-23980-JLK

ALYSSA FREIRE,

    Plaintiff,

v.

ADRIENNE ARSHT CENTER FOUNDATION, INC., A Florida Not for Profit Corporation,

    Defendant.

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF THE LAWSUIT WITH PREJUDICE**

Plaintiff, Alyssa Freire, and Defendant, Adrienne Arsht Center Foundation, Inc., by and through their respective undersigned counsel, jointly move this Court to approve the parties' settlement of Plaintiff's claims in this action, which arise under the Fair Labor Standards Act. Upon approval of the agreement, the parties then ask that the Court dismiss this entire action with prejudice.

    1.    This case involves claims made under the Fair Labor Standards Act ("FLSA"). Plaintiff claims that Defendant misclassified her as an apprentice, and that, as a result of that misclassification, Plaintiff is owed certain minimum and overtime wage pay. *See* Complaint, D.E. 1, ¶¶ 14-18.

    2.    Defendant denies all of Plaintiff's allegations and maintains that it complied with the FLSA. To avoid the costs and expenses of litigation, however, the parties, through their counsel, have reached a settlement of Plaintiff's claims.

3. This Court has previously held that approval of certain FLSA settlements is not needed where both parties are represented by counsel. *See Fernandez v. A-1 Duran Roofing, Inc.*, No. 12-cv-20757, 2013 WL 684736, at *1 (S.D. Fla. Feb. 25, 2013) (King, J.) (holding "approval is not necessary" because "both parties were represented by counsel and therefore negotiated a settlement of this matter in an adversarial proceeding.").

4. Recognizing, however, that many courts generally require approval of FLSA settlements, the parties hereby submit their agreement to the Court in order to give final binding effect to their settlement, pursuant to the Eleventh Circuit's pronouncement in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), wherein the Eleventh Circuit stated:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

5. According to *Lynn's Food*, if the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

6. A copy of the parties' settlement agreement for Court review is attached as **Exhibit A.**

7. The parties believe that the settlement reflects a fair and reasonable compromise over disputed issues of liability and damages. To facilitate settlement discussions, the parties voluntarily exchanged records and information concerning the amount of hours Plaintiff allegedly worked. The amount of money Plaintiff is receiving reflects a fair compromise between the possibility that she would recover nothing if Defendant prevailed on its defense, and the possibility of obtaining all the relief she would be entitled to if the ultimate fact-finder endorsed her record of hours worked, as opposed to Defendant's records of hours worked.

8. At all times, both parties were represented by counsel experienced in the litigation of employment law cases, including those filed under the FLSA. The parties voluntarily agreed to the terms of the settlement and acknowledge that the settlement reflects a negotiated resolution of this dispute, taking into account the risks and expenses associated with litigation. Further, there was no collusion, fraud, intimidation, or other inappropriate conduct by either Plaintiff or Defendant in this case.

9. The amount called for in the Agreement for the payment of Plaintiff counsel's attorneys' fees and costs was negotiated separately from the amount that will be paid to Plaintiff.

10. Based upon all of the foregoing, the parties jointly believe that the settlement terms are fair and reasonable. Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a final order dismissing this action with prejudice.

WHEREFORE, the Parties respectfully request this Court issue an Order (1) approving the Parties' settlement, and (2) dismissing Plaintiff's action with prejudice. A proposed Order granting the relief requested herein is attached as **Exhibit B**.

Respectfully submitted, this 23rd day of December, 2019.

| | |
|---|---|
| Richard Celler Legal, P.A.<br>*Counsel for Plaintiff* | Hunton Andrews Kurth LLP<br>*Counsel for Defendant* |
| By: /s/ Noah E. Storch<br>   Noah E. Storch<br>   Florida Bar No. 0085476<br>   noah@floridaovertimelawyer.com<br>   10368 W. State Road 84, Suite 103<br>   Davie, Florida 33324<br>   Telephone: (866) 344-9243 | By: /s/ Daniel J. Butler<br>   Terence G. Connor<br>   Florida Bar No. 291153<br>   tconnor@huntonAK.com<br>   Daniel J. Butler<br>   Florida Bar No. 111398<br>   dbutler@huntonAK.com<br>   1111 Brickell Avenue, Suite 2500<br>   Miami, Florida 33131<br>   Telephone: (305) 810-2500 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of December, 2019, a true and correct copy of the foregoing was served via ECF on counsel for Plaintiff, Noah E. Storch, Esq., Richard Celler Legal, P.A., 10368 W. State Road 84, Suite 103, Davie, FL 33324.

By: */s/ Daniel J. Butler*
   Daniel J. Butler